THEODORE H. MANSFIELD *vs.* BENJAMIN B. CONVERSE & another.

A. and B. entered into the following contract: "The stock entered on this book is delivered to A., to be made into men's split brogans, and returned to B. as fast as done at 87½ cents per pair, B. to advance on each case $15." *Held,* that the title to stock delivered to A. under this agreement, and entered upon the book, remained in B., and that it was immaterial that A. used some portion of it in making brogans for others, and other portions of it, together with stock of his own, in making brogans for B., without objection from the latter.

CONTRACT brought to recover for work done and stock furnished in making brogans.

At the trial in the superior court, before *Rockwell,* J., no evidence was introduced by either party, except the original and supplemental report of an auditor to whom the case had been referred, and who found the following facts :

The parties entered into the following contract: "Boston, Nov. 15th, 1856. The stock entered on this book is delivered to T. H. Mansfield, to be made into men's split brogans, bound and unbound, 6–11, and returned to Buckman & Converse as fast as done, at $87\frac{1}{2}$ cents per pair, they, B. & C., to advance on each case $15." Sundry items were entered upon the books, which, including items for cash advanced, amounted to $2446.46. The brogans and stock returned by the plaintiff to the defendants amounted to $2098.77. The brogans returned were not made wholly of stock received of the defendants; and some of the stock received of them was made into brogans which the plaintiff did not deliver to them, but sold to other parties. The stock delivered by them to the plaintiff did not include all the kinds of leather necessary for the manufacture of the brogans, and the plaintiff accordingly furnished such other stock as was necessary; and the auditor found that, though there was no express contract on the subject, the plaintiff was impliedly bound so to do. The plaintiff replaced in the brogans delivered to the defendants as much stock of his own, of like kind and quality, as he had used of theirs in brogans sold by him to others, and without objection from the defendants. The value at which the brogans were to be returned included both the materials and the cost of manufacturing. By a fire, which occurred without the plaintiff's fault, a portion of the stock so delivered by the defendants to the plaintiff, of the value of $726, was destroyed.

Upon these facts, the judge instructed the jury that the plaintiff was entitled to recover, and a verdict was accordingly returned for him for $378.36; and the defendants alleged exceptions.

*J. G. Abbott & J. D. Ball,* for the defendants, cited *Buffum* v *Merry,* 3 Mason, 478.

*T. H. Sweetser,* for the plaintiff, cited *Schenck* v. *Saunders,* 13 Gray, 37; *Stevens* v. *Cunningham,* 3 Allen, 491; *Sargent* v. *Metcalf,* 5 Gray, 306; *Merritt* v. *Johnson,* 7 Johns. 473; 1 Parsons on Con. 606, 611, 613.

MERRICK, J. It appears from the report of the auditor that the brogans delivered by the plaintiff to the defendants amounted

at the contract price to $2098.77. They had at different times furnished him with sundry parcels of stock at stipulated prices, which were to be manufactured into brogans and returned in that form to them ; and they had also advanced to him divers sums of money, according to the agreement of the parties, as the brogans were from time to time received. The stock so furnished and the money advanced amounted in the whole to $2446.46. But a portion of the stock, of the value, at the prices charged in the account, of $726, was afterwards, while in the possession of the plaintiff, and before it was in any respect changed, destroyed by fire. But this loss was not caused by any fault or want of due care on his part. It is therefore obvious that, unless the title to the stock had changed and he had become the owner of it, there remained due to him for his services, and for the materials furnished by him in the manufacture of the. brogans he had delivered, the sum for which judgment was rendered in the court below.

The defendants contend that the contract between the parties either constituted a conditional sale, or was an agreement for the sale and resale of all the stock which should be or which was delivered under its provisions by them to the plaintiff. But this certainly is not correct. No sale or transfer of the stock, or of any part of it, was designed or contemplated by either of the parties. The language of the written contract on this point is too plain and explicit to admit of any doubt or uncertainty. It is, that all the stock delivered to the plaintiff is to be made by him into split brogans, bound and unbound, and returned to the defendants as fast as done at 87½ cents per pair, they then to advance to him $15 on each case completed and delivered. This is wholly inconsistent with the idea of a sale or transfer of the property. The plaintiff could hold the stock delivered to him only for the single purpose of working or using it in the manufacturing of brogans, which, as soon as finished, were to be returned to the defendants. And they were entitled, immediately upon the completion of the brogans, to be repossessed of their property ; in which event they would owe the plaintiff for his labor, and for the additional materials necessarily used

in converting the stock into the manufactured article, the compensation stipulated for in the contract. The plaintiff was, therefore, a mere bailee for hire of the stock which he received, and, a part of it having been destroyed and lost in consequence of occurrences for which he was not responsible, he is not to be charged with its value or made accountable for it in the settlement of his account with the defendants. Story on Bailm. §§ 370, 423, 426, 437. *Schenck* v. *Saunders*, 13 Gray, 37. *Barrett* v. *Pritchard*, 2 Pick. 512.

It has no tendency, considered in reference to all the provisions of the contract, to show that there was a sale of the stock, that the parties agreed upon the prices to be charged for the several articles delivered to the plaintiff. Whatever was the price of each of the materials, they were all to be manufactured into brogans and returned to the defendants at a fixed and definite sum for each pair. The price of the materials supplied by them would therefore necessarily be deducted from the sum to be paid to the plaintiff, and his compensation or profits for labor bestowed would consequently be materially affected by the rate at which he should procure the stock to be delivered to him. This arrangement was evidently made to provide for determining the compensation of the plaintiff for his services, and not to affect or change the owership of the property.

It is immaterial, in reference to the question now in controversy, that the plaintiff had misapplied some portion of the stock which he received of the defendants, by making it into brogans for other parties. If he substituted for the portion so used an equal amount of his own, and the defendants were satisfied with the exchange, that would not affect the property which remained. Indeed, it does not appear that either of the parties intended that such exchange should alter their rights in any other particular. *Exceptions overruled.*